UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>JOEL ZUPNIK,<br><br>                Defendant. | CR. 16-50110-JLV<br><br>ORDER |

**INTRODUCTION**

A jury convicted defendant Joel Zupnik of attempted enticement of a minor using the internet under 18 U.S.C. § 2422(b). (Docket 81). The court sentenced defendant to 10 years in prison. (Docket 103). Defendant is appealing his conviction. (Docket 104). Now pending before the court is defendant's motion seeking to be released from custody pending the resolution of his appeal. (Docket 93). The United States opposes defendant's motion. (Docket 100). For the reasons given below, the court denies the motion.

**DISCUSSION**

**I.    Legal Standard**

The court "shall order that a person who has been found guilty of [a crime of violence] and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained." 18 U.S.C. § 3143(b)(2). Attempted enticement of a minor using the internet under 18 U.S.C. § 2422(b) is a "crime[] of violence within the meaning of . . . 18 U.S.C. § 3156(a)(4)(C)" and 18 U.S.C. § 3142(f)(1)(A).

United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007).  "A person subject to detention pursuant to section [3143(b)(2)], and who meets the conditions of release set forth in section [3143(b)(1)], may be ordered released, under appropriate conditions, by the [court], if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  The United States Court of Appeals for the Eighth Circuit defines exceptional as "clearly out of the ordinary, uncommon, or rare."  Larue, 478 F.3d at 926.

The interplay between the above-cited statutes produces four conditions defendant must meet before he may be released pending appeal:

1. Defendant must "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).

2. The court must find "by clear and convincing evidence that [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]"  18 U.S.C. § 3143(b)(1)(A).

3. The court must find "that the appeal is not for the purpose of delay[.]"  Id. at § 3143(b)(1)(B).

4. The court must find defendant's appeal "raises a substantial question of law or fact likely to result in reversal, [or] an order for a new trial[.]"  Id. at §§ 3143(b)(1)(B)(i), (ii).

**II.    Analysis**

The court must first determine the order, if any, in which it must evaluate the four factors defendant must meet before the court may release him from custody pending the outcome of his appeal.   Defendant, citing to out-of-circuit precedent, suggests the court should first evaluate the factors listed in 18 U.S.C. § 3143(b)(1)—those listed above as factors 2-4—before determining if exceptional circumstances exist.   (Docket 101 at p. 3) (citing United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991)).   However, the Eighth Circuit does not appear to follow this practice.   See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (finding no exceptional circumstances without reference to the § 3143(b)(1) factors); Larue, 478 F.3d at 925 (referencing the § 3143(b)(1) factors but focusing on exceptional circumstances); United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (finding no exceptional circumstances without reference to § 3143(a)(2) factors governing release pending execution of sentence).   The parties do not point the court to any Eighth Circuit case requiring district courts to perform an exceptional circumstances analysis last.

Defendant's preferred approach also does not comport with the conjunctive nature of the four bail requirements.   If any of the four requirements are not met, defendant cannot be released pending the resolution of his appeal.   18 U.S.C. § 3145(c).   The court does not perceive any reason why it must evaluate these factors in any particular order and, aside from defendant's citation to DiSomma, the parties provided no reason.   The court will accordingly first turn to whether exceptional circumstances exist which show detention is inappropriate.

3

### A. Exceptional circumstances

Defendant did not assert any exceptional circumstances justified release in his motion, instead focusing entirely on the § 3143(b)(1) factors. (Docket 93). The government pointed out defendant's failure to show any exceptional circumstance meriting release pending appeal. (Docket 100 at p. 5). In his reply brief, defendant argues the exceptional circumstance justifying his release "is that it would be a miscarriage of justice for him to remain imprisoned when he did not commit a federal offense[.]"[1] (Docket 101 at p. 1). Defendant relies upon his arguments that his conviction is likely to be overturned on appeal.

Defendant's belief he is innocent is not an exceptional circumstance justifying release pending appeal. The Eighth Circuit defines "exceptional" as "clearly out of the ordinary, uncommon, or rare." Larue, 478 F.3d at 926. There is nothing out of the ordinary, uncommon, or rare about a criminal defendant professing his innocence after a conviction, whether for legal or factual reasons. To the extent defendant argues his conviction is legally flawed, it is the function of the Eighth Circuit to correct whatever legal errors may have occurred during trial. It is certainly not extraordinary for criminal defendants to appeal their convictions on legal grounds. Likewise, the Eighth Circuit will determine whether the government presented sufficient evidence at trial to obtain a

---

[1]"[A]rguments raised in reply briefs often are not considered because the opposing party lacked an opportunity to respond." Quality Wood Designs, Inc. v. Ex-Factory, Inc., No. Civ. 13-4101, 2014 WL 12740768 (D.S.D. Apr. 10, 2014). Because defendant's exceptional circumstance argument is meritless, the court need not determine whether the government should be given an opportunity to respond.

conviction.[2] There is nothing extraordinary about presenting an insufficiency of the evidence argument on appeal from a criminal conviction.

Defendant's continued reliance on the Second Circuit's decision in DiSomma is not persuasive. In DiSomma, the Second Circuit concluded that a district judge did not abuse her discretion in releasing a defendant pending appeal when the defendant was challenging whether the evidence at trial showed "actual or threatened use of force"—an element of the offense of conviction and a factor mandating post-conviction detention. 951 F.2d at 496. The court found it significant that the trial judge believed release pending appeal was appropriate. Id. The court also concluded defendant would "have been confined unjustly if he prevail[ed] on appeal" because the very "element of the crime called into question on appeal is the element of the bail statue that bars release." Id. at 498. Given the "most unusual factual and legal situation," the court deferred to the trial judge's discretion and affirmed its choice to release the defendant pending appeal. Id. at 497-98.

Here, defendant offers a cornucopia of reasons why his conviction is likely to be overturned on appeal, ranging from insufficiency of the evidence to an as-applied challenge to the constitutionality of the statute of conviction.

---

[2]Defendant made a *pro forma* oral motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) during trial arguing there was insufficient evidence to support a conviction. (Docket 87 at p. 190). The court denied it. Id. at p. 191. Defendant again made an undetailed oral motion for a judgment of acquittal after the court gave an entrapment instruction on the basis he was entrapped by law enforcement as a matter of law. (Docket 88 at p. 2). The court denied it as well. Id. Defendant has not made a renewed motion for a judgment of acquittal or a motion for a new trial and the court will not construe his motion for release pending appeal as either.

5

(Docket 93 at pp. 3-19). None of these arguments challenge an element which brings his conviction under the umbrella of § 3143(b)(2)'s mandatory detention command. Put another way, there was not an individual element of the offense of conviction here, as there was in DiSomma, that also mandated post-conviction detention. Here, the offense of conviction was *per se* a crime of violence. 18 U.S.C. § 3156(a)(4)(C). Defendant's conviction does not merit mandatory post-conviction detention because of any specific element the government may or may not have proven at trial beyond a reasonable doubt. The fact of conviction requires post-conviction detention. If the court were to import the reasoning of DiSomma into this context, any defendant convicted of a sex offense crime of violence—the enumerated offenses listed in § 3156(a)(4)(C)—could argue for release pending appeal upon a simple showing their appellate claims were likely to succeed on appeal. That outcome would eliminate the extraordinary circumstances requirement. The court rejects this argument.

Because defendant has not "clearly shown that there are exceptional reasons why [his] detention would not be appropriate," the court cannot release him from custody pending the outcome of his appeal. 18 U.S.C. § 3145(c).

### B. Section 3143(b)(1) factors

Although defendant cannot be released pending appeal because he failed to show any exceptional circumstances, the court will briefly discuss the three § 3143(b)(1) factors in the event it is helpful to any reviewing court. Defendant must show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]"

18 U.S.C. § 3143(b)(1)(A). Defendant asserts his appearance for trial, after being released on pretrial bond, the lack of an actual victim in the case, his experience being incarcerated before sentencing, and the results of psychological testing the court deemed inadmissible at trial all show he is not a danger to anyone and is not likely to flee. (Docket 93 at pp. 1-2).

The court finds defendant is not a danger to anyone and would not be likely to flee if released pending appeal. He has minimal criminal history. (Docket 96 at ¶¶ 32-38). He was generally compliant on pretrial release.³ Id. at ¶¶ 4-11. There is no indication defendant would be any less compliant if released pending appeal. The government did not argue this factor in its briefing.

The second § 3143(b)(1) factor is whether the appeal is for the purpose of delay. 18 U.S.C. § 3143(b)(1)(B). Based on his extensive arguments related to his appellate claims and his recent filing of a notice of appeal, the court concludes defendant's appeal is legitimate and not intended solely to delay the finality of his conviction.

---

³Defendant did violate his bond conditions by traveling to South Dakota from his home in Colorado to meet with his attorney without notifying the United States Probation Office. (Docket 96 at ¶ 9). He also cut his ankle monitor off when he arrived in South Dakota for trial. Id. at ¶ 10. These minor violations, while not ideal, do not persuade the court defendant would be likely to flee if released pending appeal.

The final § 3143(b)(1) factor is whether the appeal "raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial[.]"[4] Id. at §§ 3143(b)(1)(B)(i), (ii). Given that defendant is appealing his conviction and that the court already determined he cannot be released pending appeal, there is little need to engage in a detailed analysis of his appellate claims. The Eighth Circuit will resolve the defendant's appeal.

For present purposes, it suffices to note defendant did not raise any of his appellate claims before this court in the proper format, whether in a pretrial motion to dismiss the indictment or in post-trial motions for judgment of acquittal or a new trial.[5] Defendant may have forfeited his appellate claims, "limit[ing] [appellate] consideration to a rigorous plain-error standard." United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). Under the plain error standard, defendant must "show that the district court made a 'clear or obvious' error that affected his substantial rights and that the error 'seriously affected the fairness, integrity or public reputation of judicial proceedings.' " United States v. Spotted Bear, 920 F.3d 1199, 1201 (8th Cir. 2019) (quoting

---

[4]Section 3143(b)(1)(B) also allows a defendant to show an appeal is likely to result in "a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. §§ 3143(b)(1)(B)(iii), (iv). Defendant asserts his appeal is likely to overturn his conviction, not that it will likely result in a shorter or probationary sentence.

[5]As noted above, defendant's oral Rule 29(a) motions during trial were undetailed and did not raise the specific grounds for acquittal he now asserts. (Dockets 87 at pp. 190-91 & 88 at p. 2). The court could not have divined defendant's current insufficiency of the evidence challenges from his trial motions.

8

United States v. White Bull, 646 F.3d 1082, 1091 (8th Cir. 2011)). The court cannot determine defendant's appellate claims are likely to succeed under the plain error standard.

## III. Conclusion

The court cannot release defendant from custody pending the resolution of his appeal because he failed to show any extraordinary reason which persuades the court release is appropriate. To the extent an alternative rationale is necessary, the court concludes defendant's appellate claims are unlikely to succeed under plain error review, barring his release pending appeal.

**ORDER**

For the reasons given above, it is

ORDERED that defendant's motion for release pending appeal (Docket 93) is denied.

Dated June 10, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE