UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       vs.<br><br> JOEL ZUPNIK,<br><br>                              Defendant. | CR. 16-50110-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Joel Zupnik, through counsel, filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Docket 115). The United States Attorney for the District of South Dakota opposed the motion.  (Docket 120).  For the reasons stated below, defendant's motion is granted.

**FACTUAL BACKGROUND**

On April 26, 2019, Mr. Zupnik was sentenced to a term of imprisonment of 120 months for attempted enticement of a minor using the internet in violation of 18 U.S.C. § 2422(b).  (Dockets 102 & 103).  Mr. Zupnik was found guilty following a jury trial.  (Docket 80).  A presentence investigation report ordered by the court indicated Mr. Zupnik's advisory guideline range was 97 to 121 months of imprisonment based on a total offense level of 30 and his criminal history category I.  (Docket 85 ¶ 65).  The offense carried a mandatory minimum sentence of ten years.  Id. ¶ 64.  The court sentenced Mr. Zupnik to

the statutorily mandated minimum sentence of 120 months followed by five years of supervised release.  (Docket 103 at pp. 2-3).

Mr. Zupnik appealed his judgment and conviction to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") on April 30, 2019. (Docket 104).  While the appeal was pending, the Eighth Circuit granted Mr. Zupnik's emergency motion for release pending appeal to obtain medical treatment.  (Docket 112).  The case was remanded to this court for the limited purpose of determining conditions of Mr. Zupnik's release.  Id.  On November 10, 2020, the court entered an order setting conditions for Mr. Zupnik's temporary release.  (Docket 114).  The purpose of Mr. Zupnik's temporary release was to facilitate cancer treatments at Banner University Medical Center, University of Arizona Cancer Center, in Tucson, Arizona.  Id. at pp. 1-2. On March 5, 2021, the court modified the conditions of release requested by the United States Probation and Pretrial Services Office and agreed to by Mr. Zupnick.  See Dockets 124, 124-2 & 125.

Mr. Zupnik was diagnosed with Stage IIIC Anal Cancer.  (Docket 116-4 ¶¶ 5-6).  Based on the stage of his condition, Mr. Zupnik was assessed as having a 65 percent rate of recovery with proper treatment.  Id. ¶ 6.  His treatment plan consisted of a six-week course of chemotherapy and radiation. Id. ¶¶ 7-8.  His post-treatment monitoring plan included follow up evaluations and testing every three months for the first two years and every six months for an additional three years.  Id. ¶10.  Mr. Zupnik is 55 years old.  See Docket

2

85 at p. 2.  The court is informed Mr. Zupnik completed his course of chemotherapy and radiation and currently is convalescing at home pursuant to the court's November 10, 2020, order.

On March 2, 2021, the Eighth Circuit issued a decision affirming Mr. Zupnik's conviction.  (Dockets 122 & 123).   On April 1, 2021, defendant's petitions for rehearing *en banc* and by the panel were both denied.  (Docket 126).   The mandate was entered on April 8, 2021.  (Docket 128).

## MR. ZUPNIK'S MOTION

Mr. Zupnik's counsel filed an emergency motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Docket 115).  Mr. Zupnik's motion seeks compassionate release on the basis of extraordinary and compelling reasons in light of his stage IIIC anal cancer, the inability to receive the treatment and monitoring that is required while incarcerated and the threat incarceration poses to his health in his immunocompromised state during the COVID-19 pandemic.  (Docket 116 at pp. 9-19).  Mr. Zupnik argues his release is consistent with the 3553(a) sentencing factors because (1) he is not a danger to the community; (2) the period of incarceration he served and the conditions of that incarceration provided just punishment and adequate deterrence; and (3) his potential further criminality is low.  Id. at pp. 20-26.  If his motion is granted, Mr. Zupnik plans to live at his residence in Ft. Collins, Colorado.

3

## UNITED STATES' OPPOSITION

The government agrees Mr. Zupnik presented extraordinary and compelling reasons for compassionate release based on his health conditions. (Docket 120 at pp. 1-2). Nonetheless, the government opposes Mr. Zupnik's motion for compassionate release based on the 3553(a) factors. Id. at pp. 5-8. The government argues Mr. Zupnik committed a serious crime and has served only a fraction of his mandatory minimum sentence in custody. Id. at p. 5. Mr. Zupnik was apprehended as part of a sting operation to target online predators in South Dakota during the 2016 Sturgis bike rally. (Docket 85 ¶13). Mr. Zupnik exchanged multiple sexually charged e-mails with a person he believed to be a 15-year-old female and arranged to meet her. Id. ¶¶ 14-16. The government reminds the court of the evidence presented at trial, "including the vulgar language defendant used to entice the person he believed to be a child as well as conduct in showing up at a high school to meet and have sex with the minor." (Docket 120 at p. 5). The government argues Mr. Zupnik's crime was more serious than a two-year sentence (the time Mr. Zupnik actually served in custody) reflects. Id. at p. 6.

The government further argues Mr. Zupnik has not taken responsibility for his conduct and has shown no remorse. Id. According to the government, this lack of acceptance of responsibility gives no assurance Mr. Zupnik will refrain from similar conduct in the future and does not provide sufficient deterrence to the public at large. Id. at pp. 6-7. Finally, the government

argues if Mr. Zupnik's motion is granted, the court should impose a condition of home confinement and extend his supervised release period.  Id. at pp. 8-9.

## ANALYSIS

### Administrative Exhaustion

Section 3582(c) permits the district court to consider a prisoner's request for compassionate release after he exhausts the administrative remedies mandated by the statute.  18 U.S.C. § 3582(c)(1)(A)(i).  The government does not contend Mr. Zupnik's motion should be rejected for failure to exhaust administrative remedies.  See generally Dockets 102 & 121 at p.1.  Accordingly, the court will address the motion on its merits.

### Extraordinary and Compelling Reasons

When extraordinary and compelling reasons exist, section 3582(c) permits the district court to reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and when the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission lacks a quorum and has not updated the policy statements for "extraordinary and compelling reasons" justifying compassionate release since the passage of the First Step Act in December 2018.  United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

5

The court previously surveyed the status of the law as to a court's authority under the First Step Act.  E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v. Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020); United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020).  A summary of that survey is sufficient here.

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.

The court held it retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."[1] E.g., Magnuson, 2020 WL 7318109, at *5  (quoting United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13

---

[1]The United States Court of Appeals for the Eighth Circuit had several opportunities to address this issue but declined to do so. United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. 2020); and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

Turning to that task, the government conceded Mr. Zupnik demonstrates extraordinary and compelling reasons for compassionate release.  The court agrees.  Mr. Zupnik has active Stage IIIC anal cancer.  The Centers for Disease Control and Prevention ("CDC ") identifies cancer as a condition that *can* increase the risk of severe illness from COVID-19.  See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021) (last checked Apr. 23, 2021).  The CDC instructs "[t]reatments for many types of cancer can weaken your body's ability to fight off disease." Id.  Mr. Zupnik's medical consultants agree his immunocompromised state as a result of his cancer, chemotherapy and radiation treatment regimen renders him more vulnerable and susceptible to illness, particularly within the confines of a correctional facility.  (Docket 116-4 ¶ 7).

7

The court finds Mr. Zupnik meets his burden of proof and presents extraordinary and compelling reasons under § 3582(c)(1)(A)(i).

### 3553(a) Factors

Against these findings, the court must consider whether compassionate release comports with the § 3553(a) factors.  See 18 U.S.C. § 3582(c)(1)(A). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant, among others.  Id. § 3553(a)(1)-(7).

In Mr. Zupnik's case, the nature and circumstances of the offense— attempted enticement of a minor using the internet—is extremely serious and would have been harmful and devastating to the intended victim if Mr. Zupnik's plan had come to fruition.  Id. § 3553(a)(1).  The court does not minimize Mr. Zupnik's conduct just because an actual minor was not involved.

"[T]he history and characteristics of the defendant" requires the court to consider the defendant as a whole person.  Koon v. United States, 518 U.S. 81, 113 (1996).  Other than misdemeanors involving driving under the influence at age 47, which resulted in a deferred sentence, and disorderly conduct at age 48, which was dismissed after completion of community service, Mr. Zupnik has no prior criminal history.  (Docket 85 ¶¶ 34-35).  He had one scorable

criminal history point, placing him in criminal history category I.  Id. at ¶ 38.
There is no evidence he had any disciplinary violations while in prison.

The court is cognizant of the government's concern that Mr. Zupnik has
not served a significant portion of his sentence and that his early release does
not reflect the seriousness of or provide just punishment for the offense.  These
concerns are well taken.  The court sentenced Mr. Zupnik to 120 months of
imprisonment and he has served approximately 23 months of that term.  See
Docket 116 at p. 6.  The court is concerned about the serious nature of the
offense committed by Mr. Zupnik but is also cognizant of the serious risk to
Mr. Zupnik's health and life expectancy if he were to return to custody.  A
further consideration is Mr. Zupnik's cancer requires treatment, care, and
follow-up that is not readily available and easily accessible while incarcerated
within the Bureau of Prisons.  See Docket 116-4, ¶¶ 7-11.

On careful balance of the § 3553(a) factors, the court finds
compassionate release is appropriate.  The court concludes Mr. Zupnik's time
in custody was sufficient to adequately deter him from future criminal conduct,
particularly in light of his unaddressed medical needs as outlined by the
defense.  See Docket 116-3, ¶¶ 5-12.  Mr. Zupnik will be on supervised release
for five years and the special conditions of his supervision require him to
comply with the Sex Offender Registration and Notification Act.  (Docket 103 at
p. 3).  The government's concerns that Mr. Zupnik has not served enough of
his sentence in custody will be addressed through conditions of supervised

9

release which includes imposing a period of home confinement.  This will further limit Mr. Zupnik's liberty interests and he will face harsh consequences if he violates those conditions or the other standard and special conditions of his supervised release.

### **Home Confinement**

The court does not have authority to modify the defendant's sentence to home confinement.  United States v. Amarrah, 458 F. Supp.3d 611, 620  (E.D. Mich. 2020).  The court does, however, retain the authority to reduce Mr. Zupnik's sentence to time served and impose a condition of home detention as a condition of his supervised release.  See id.

The court concludes that a 24-month period of home confinement in lieu of imprisonment is sufficient to closely monitor Mr. Zupnik.  Mr. Zupnik will be placed on supervised release for five years, subject to the mandatory, standard and special conditions of supervised release imposed in the original sentence, and further subject to the terms and conditions set forth in the Order dated November 10, 2020, and the Order Modifying Conditions of Supervised Release dated March 5, 2021, as well as the additional condition of home confinement. See Docket 103, 114, 125.

### **ORDER**

Good cause having been proven, it is

ORDERED that Mr. Zupnik's motion for compassionate release (Docket 115) is granted.

IT IS FURTHER ORDERD that the defendant's sentence of imprisonment is reduced to time served.

IT IS FURTHER ORDERED that Mr. Zupnik shall be on supervised release for five years, subject to (1) the mandatory, standard and special conditions of supervision imposed in the original judgment and commitment dated April 29, 2019; (2) the terms and conditions imposed in the order dated November 10, 2020; and (3) the additional special conditions imposed in the order modifying conditions of supervised release dated March 5, 2021. (Dockets 103 at pp. 3-5; 114 & 125).

IT IS FURTHER ORDERED that as an additional special condition of supervised release Mr. Zupnik shall be subject to home confinement for a period of 24 months.

IT IS FURTHER ORDERED that the United States Probation Office shall prepare an amended judgment consistent with this order.

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy of this order to the United States Probation Office and the United States Marshals Service in the District of South Dakota.

Dated May 5, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE